IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILMINGTON TRUST, NATIONAL          :
ASSOCIATION as Trustee for the
Benefit of the holders of           :
CoreVest American Finance 2018-2
Trust Mortgage Pass-Through         :
Certificates
                                    :
     v.                                  Civil Action No. DKC 19-1896
                                    :
HOMES4FAMILIES, LLC, et al.
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case are the motion for entry of default, (ECF No. 13), and the motion for appointment of receiver, (ECF No. 3), filed by Plaintiff Wilmington Trust, National Association. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for entry of default will be denied in part and granted in part, and the motion for appointment of receiver will be denied.

## I.   Background

On June 27, 2019, Plaintiff Wilmington Trust, National Association ("Plaintiff") filed a complaint against Defendant Homes4Families, LLC ("Defendant Homes4Families"), Defendant MRV Investments, LLC ("Defendant MRV Investments"), and Defendant Northwest Bank ("Defendant Northwest") (collectively,

"Defendants"). (ECF No. 1). Plaintiff filed the presently pending motion for appointment of receiver on the same day. (ECF No. 3). Defendants failed to file a timely answer, pleading, or other valid defense to the complaint. (ECF No. 13, at 3 ¶ 9). Defendants also failed to file a timely opposition or other response to the motion for appointment of receiver. (*Id.* ¶ 10). Plaintiff filed the presently pending motion for entry of default on September 5, 2019. (*Id.*, at 3).

Plaintiff's complaint asserts two claims against Defendant Homes4Families: breach of contract and appointment of receiver.[1] (ECF No. 1, at 6–7). The breach of contract claim arises out of a $743,250.00 loan agreement, dated October 18, 2018, evidenced by a promissory note (the "Note") and secured by a deed of trust, assignment of leases and rents, security agreement, and fixture filing (the "Deed of Trust"). (ECF No. 1, at 3–6; ECF

---

[1] "Appointment of receiver" is not an independent legal claim. *See Kelleam v. Md. Cas. Co. of Balt.*, 312 U.S. 377, 381 (1941) ("A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity[;] [i]t is not an end in itself.") (citation and quotation marks omitted); *see also ACA Fin. Guar. Corp. v. City of Buena Vista*, 298 F.Supp.3d 834, 846 (W.D.Va. 2018) ("[A] receivership is not a substantive cause of action."); 12 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane ("Wright & Miller"), Federal Practice and Procedure § 2983 (3d ed.) ("[T]he appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action.") (quoting *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998)).

No. 1-1; ECF No. 1-3, ECF No. 1-5). Plaintiff "is the current holder of the Note through a series of [a]llonges endorsing over the Note" and is the current holder of the Deed of Trust through "a series of assignments[.]" (ECF No. 1, at 3; ECF No. 1-2; ECF No. 1-4). The Deed of Trust creates a security interest in all income, including rents, generated by Defendant Homes4Families's "sole assets" – nine Maryland properties (the "Properties").[2] (ECF No. 1, at 2-4; ECF No. 1-3, at 3-7). Plaintiff contends that Defendant MRV Investments and Defendant Northwest "have interests recorded in the chain of title of the subject realty, and as such are necessary parties to this litigation."[3] (ECF No. 1, at 2).

---

[2] The Properties "are at addresses commonly known as: 4702 Alhambra Avenue; 2756 The Alameda; 2754 The Alameda; 2616 Pierpont Street; 2507 Francis Street; 1212 N. Decker Avenue; 1210 N. Decker Avenue; 1702 W. Lombard Street; and 429 N. Washington Street; all in Baltimore, Maryland." (ECF No. 1, at 3 ¶ 9).

[3] The property located at 429 N. Washington Street "remains titled to [Defendant MRV Investments]" despite "a Deed from [Defendant MRV Investments] to [Defendant Homes4Families] for that property." (ECF No. 1, at 6 ¶ 25). Defendant Homes4Families currently controls and manages the property. (*Id.*). Plaintiff alleges that the City of Baltimore will not accept the Deed from Defendant MRV Investments to Defendant Homes4Families for recording because of "multiple, unaddressed building code violations that [Defendant Homes4Families] has failed to address." (*Id.*). The properties located at 2754 The Alameda and 2756 The Alameda are subject to "an undischarged senior lien" held by Defendant Northwest that "should have been discharged as part of the origination of the loan." (*Id.*, ¶ 26).

Defendant Homes4Families owes $7,351.85 monthly to Plaintiff. (ECF No. 1, at 4 ¶ 15). Plaintiff alleges that Defendant Homes4Families "never made a full or timely payment." (*Id.,* at 5 ¶ 16). Defendant Homes4Families "failed to make the first payment. . . when due, and has made no subsequent full, monthly payments." (*Id.*). Instead, Defendant Homes4Families made only four partial payments: (1) $2,500 on January 14, 2019; (2) $3,000 on March 6, 2019; (3) $1,000 on March 29, 2019; and (4) $3,000 on April 29, 2019." (*Id.*, ¶ 17).

Defendant Homes4Families's "failure to pay is an Event of Default" under the loan agreement "and results in full acceleration of the debt." (ECF No. 1, at 5 ¶ 18; ECF No. 1-5, at 15). Plaintiff "sent a Notice of Default and Acceleration to [Defendant Homes4Families] on March 8, 2019" (the "Default Notice"). (ECF No. 1, at 5 ¶ 19; ECF No. 1-6). The Default Notice instructed Defendant Homes4Families to hold all rents in trust for Plaintiff. (ECF No. 1-6, at 3). The Default Notice also informed Defendant Homes4Families that failure to remit the outstanding balance of the loan may result in Plaintiff pursuing its remedies, including receivership, as assented to by Defendant Homes4Families in the Deed of Trust. (ECF No. 1-6, at 3; ECF No. 1-3, at 17).

Defendant Homes4Families has not cured the default, has not responded to Plaintiff's attempts to communicate regarding the

default, has not provided any information regarding the status of the Properties, and has not provided an accounting of rents collected. (ECF No. 1, at 5 ¶ 21). Since the default, Defendant Homes4Families "has refused to turn over a rent roll or otherwise account for post-default rental income of $87,900.00, the monthly market value of rent for the collateral properties being $14,650.00." (*Id.*, ¶ 22). Plaintiff calculates that it "is owed no less than $1,108,436.54 on the Note as of June 7, 2019." (*Id.*, ¶ 23).

Defendant Homes4Families's untimely answer asserts that it "is not a signatory to the note[]" and that "[t]he note [bears] a forged signature[.]" (ECF No. 14, at 3 ¶ 16). Defendant Homes4Families suggests that it knows the identity of the third party that purportedly forged the signature. (*Id.*, at 7 ¶ 38). Despite Defendant Homes4Families's contention that a third party forged its manager's signature on the promissory note, Defendant Homes4Families denies that it "never made a full payment[]" and denies that it made only four, partial payments. (*Id.*, at 4 ¶ 25-26). Despite these denials, Defendant Homes4Families admits it failed to cure the default. (*Id.*, at 5 ¶ 30).

## II. **Entry of Default**

Under Fed.R.Civ.P 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default."
Generally, "[a] defendant must serve an answer. . . within 21
days after being served with the summons and complaint[.]"
Fed.R.Civ.P. 12(a).

**A. Defendant Homes4Families**

The summons and complaint were served upon Defendant
Homes4Families on July 30, 2019. (ECF No. 8). On August 27,
2019, the court ordered Plaintiff to "file and serve [on
Defendants] a motion for entry of default by the Clerk[.]" (ECF
No. 10). On September 5, 2019, Plaintiff filed the presently
pending motion for entry of default. (ECF No. 13). In the
motion, Plaintiff contends that the time for Defendant
Homes4Families to plead or otherwise defend expired no later
than September 3, 2019.[4] (ECF No. 13, at 3 ¶ 8). On November 1,

---

[4] Plaintiff explains that it effected substitute service of
the complaint, the motion for appointment of receiver, and the
summons on July 30, 2019 by serving those items from the Maryland
State Department of Assessments and Taxation ("SDAT"). (ECF No.
13, at 2 ¶ 6). Plaintiff's counsel received a receipt from the
Maryland SDAT confirming acceptance of the materials delivered
for service of process on Defendant Homes4Families on August 27,
2019. (*Id.* ¶ 7). The receipt "indicated that [the] Maryland
SDAT received the materials on July 31, 2019 and that the date
they were forwarded to the address on file for [Defendant]
Homes4Families was '7 to 10 business days from receipt.'"
(*Id.*). Plaintiff therefore concluded that "considering the
mailbox rule. . . [Defendant] Homes4Families was served. . . no
later than August 13, 2019." (*Id.*). Accordingly, "the deadline
for Defendant Homes4Families to file an answer, pleading, or
other valid defense to the Verified Complaint was no earlier
than August 20, 2019 and – taking into account the 'mailbox
rule' and the date upon which [the] Maryland SDAT indicates that

6

2019, Defendant Homes4Families filed an untimely answer. (ECF No. 14). In its answer, Defendant Homes4Families vaguely challenges Plaintiff's service. (*Id.*, at 6 ¶ 37). Although Defendant Homes4Families did not seek leave to file its untimely answer, Plaintiff's motion for entry of default against Defendant Homes4Families will be denied at this time because there is a "strong policy that cases be decided on their merits[]" within the United States Court of Appeals for the Fourth Circuit. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).

## B. Defendant MRV Investments and Defendant Northwest

The record indicates that the summons and complaint were properly served upon Defendant MRV Investments and Defendant Northwest, that the time for each Defendant to plead or otherwise defend expired, and that each Defendant has failed to plead or otherwise defend as directed in the summons and as provided by the Federal Rules of Civil Procedure.[5] Therefore,

---

process was forwarded – no later than September 3, 2019." (*Id.*, at 3, ¶ 8).

[5] Plaintiff reports that the summons and complaint were served upon Defendant MRV Investments on July 29, 2019, (ECF No. 6), the time for Defendant MRV Investments to plead or otherwise defend expired on August 19, 2019, and Defendant MRV Investments has failed to plead or otherwise defend. Plaintiff reports that the summons and complaint were served upon Defendant Northwest on July 3, 2019 (ECF No. 7), the time for Defendant Northwest to plead or otherwise defend expired on July 24, 2019, and Defendant Northwest has failed to plead or otherwise defend.

upon Plaintiff's request and pursuant to Fed.R.Civ.P. 55, the clerk will be directed to enter the defaults for want of answer or other defense by Defendant MRV Investments and Defendant Northwest.

## III. Appointment of Receiver

A "district court has within its equity power the authority to appoint receivers and to administer receiverships." *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 302 (4th Cir. 2001). The Federal Rules of Civil Procedure "govern an action in which the appointment of a receiver is sought[.]" Fed.R.Civ.P. 66. "The appointment of a receiver by a federal court may be sought by any person. . . having an interest in property that a statute or one of the general principles of equity authorizes the court to protect by this remedy." Wright & Miller, § 2983. "[T]he appointment of a receiver is not a matter of right, but one resting in the sound discretion of the court." *Hutchinson v. Fidelity Inv. Ass'n*, 106 F.2d 431, 436 (4th Cir. 1939). "The appointment of a receiver is. . . an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property." *Id.* "A receiver. . . may be appointed for the limited purpose of safeguarding disputed assets." *First United Bank & Trust v. Square at*

*Falling Run, LLC*, No. 11-cv-31-IMK, 2011 WL 1563027, at *3 (N.D.W.Va. April 25, 2011).

"Neither the Supreme Court [of the United States] nor the Fourth Circuit has provided a concrete list of factors for courts to weigh in considering whether to appoint a receiver." *LNV Corp. v. Harrison Family Bus., LLC*, 132 F.Supp.3d 683, 689 (D.Md. 2015). However, Judge Hollander recently outlined the "variety of factors" considered by other courts, including the United States Courts of Appeal for the Fifth, Eighth, and Ninth Circuits. *LNV Corp.*, 132 F.Supp.3d at 689-90. The factors articulated by each of the courts are either identical or substantially similar. *Id.* Wright & Miller, § 2983, provides a summary:

> Factors that courts have considered relevant to establishing the requisite need for a receivership include the following: fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

"Courts also look to the inadequacy of security to satisfy the debt and the financial position of the debtor." *Chesapeake Bank v. Berger*, No. 14-cv-66-RAJ, 2014 WL 5500872, at *5

(E.D.Va. Oct. 30, 2014); *see also Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n*, 787 F.Supp.250, 253–54 (D.D.C. 1992). Judge Hollander also explained the "split of authority over whether the parties' advance consent to the appointment of a receiver. . . is dispositive to the issue of appointment, or whether it is simply one factor among the others that a court must consider." *LNV Corp.*, 132 F.Supp.3d at 690.

> [The court is] unaware of any guidance by the Fourth Circuit as to how a contractual provision in a loan agreement providing for the appointment of a receiver upon default impacts a court's analysis in considering appointment of a receiver. But, when the parties contractually agree in advance to appointment of a receiver, some courts have dispensed with analyzing equitable considerations, concluding that a contractual provision in a loan agreement requiring the appointment of a receiver upon default is sufficient basis for a court to appoint a receiver. Other courts have said that courts retain the discretion to deny appointment of a receiver under appropriate circumstances even though the mortgage provides the mortgagee a specific right to an appointment. . .
>
> Even if contract language is not dispositive as to appointment of a receiver, the existence of contract language, presumably negotiated between the parties, is a factor militating in plaintiff's favor and the party opposing the appointment bears the burden of demonstrating why a receiver should not be appointed. Moreover, even those courts that suggest that analysis of equitable factors is unnecessary where a loan agreement calls for the appointment of a receiver upon default nonetheless engage in equitable analysis.

> In [the court's] view, the parties
> cannot, through their contract, obligate the
> court to appoint a receiver. The receiver
> is considered to be an officer of the court,
> and thus creates obligations for the court.
> But, the parties' agreement is one factor,
> among many, in the court's consideration.

*Id.* at 690–91 (internal citations and quotation marks omitted).

Plaintiff contends that the contract language and the equitable factors favor appointment of a receiver. Plaintiff emphasizes that Defendant Homes4Families "expressly agreed to the appointment of a receiver upon a default." (ECF No. 3-2, at 4). Plaintiff notes that Defendant Homes4Families has "retained and refused to account for significant amounts of monthly rental income" and "failed to make any meaningful attempt to pay amounts due[.]" (*Id.*, at 6; ECF No. 11, at 2 ¶ 4). Plaintiff asserts that the loan is "under-collateralized," because Defendant Homes4Families owes "no less than $1,108,436.54" and the fair market value of the Properties is $1,036,000.00. (ECF No. 3-2, at 4; ECF No. 11, at 2 ¶ 4). In addition, Plaintiff contends that one of the Properties has "multiple, unaddressed building code violations[.]") (ECF No. 3-2, at 4; ECF No. 11, at 2 ¶ 4). Finally, Plaintiff argues that there is "no legal remedy available. . . that would preserve the value of the Properties in the same manner as a federal receivership[]" and

emphasizes that a federal receiver has powers that a state receiver lacks.[6] (ECF No. 3-2, at 7-8).

The extraordinary remedy of receivership is not appropriate on the facts of this case. Plaintiff's best argument for the appointment of a receiver is that Defendant Homes4Families contractually agreed to it. Plaintiff seemingly concedes that their contractual agreement alone is not outcome determinative and argues instead that it is a factor "weighing heavily in favor of ordering appointment." While the contractual agreement favors appointment of a receiver, the equitable factors do not.

Plaintiff's complaint and motion for appointment of a receiver sound in breach of contract. Plaintiff does not allege fraudulent conduct by Defendant Homes4Families. The current record does not show imminent danger to the Properties. Plaintiff contends only that Defendant Homes4Families is unlawfully retaining rental income, (ECF No. 3-2, at 6-7), and that one of the Properties has significant building code violations, (*Id.*, at 4). Significantly, Plaintiff relies on the loan agreement's rent roll to support its assertion that Defendant Homes4Families is unlawfully retaining rent. (*Id.*). There is no other evidence that Defendant Homes4Families has

---

[6] Plaintiff's argument that entry of default against Defendant Homes4Families does not obviate the need for a receiver is moot because Defendant Homes4Families filed an answer and the court denied the motion for entry of default with respect to Defendant Homes4Families.

rented the properties or received rental income. Plaintiff's reliance on *LNV Corp.* is, therefore, inapposite. There was no dispute in *LNV Corp.* that the entity facing receivership allowed a related entity to use its property "rent-free." 132 F.Supp.3d at 692-94. Plaintiff also fails to describe the building code violations at the 429 N. Washington Street property, but admits that Defendant Homes4Families, while controlling and managing the property, does not hold title to it. (ECF No. 3-2, at 4). There are no allegations that any of the other properties are being mismanaged, and in fact, Plaintiff's position that Defendant Homes4Families receives rental income for those properties suggests the opposite. Finally, though a foreclosure proceeding may not be a quick remedy, *LNV Corp.*, 132 F.Supp.3d. at 694, it is an adequate one in this case.

## IV. Conclusion

For the foregoing reasons, the motion for appointment of receiver will be denied, (ECF No. 3) and the motion for entry of default, (ECF No. 13), will be denied in part and granted in part. A separate order will follow.


_____
            /s/
DEBORAH K. CHASANOW
United States District Judge